IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Gordon Jewish Community Center

v.

Goyim Defense League, et al.

Civil Action No. 3:25-cv-01438

## DEFENDANT GARLAND'S ANSWER TO COMPLAINT

a) Defendant answers the complaint as follows:

1. Paragraph 62: Lack sufficient information to admit or deny, so therefore deny.

2. Paragraphs 63-64: Deny.

3. Paragraphs 65-80: Lack sufficient information to admit or deny, so therefore deny.

4. Paragraph 81: Admit.

5. Paragraphs 82-95: Lack sufficient information to admit or deny, so therefore deny.

6. Paragraph 96: Deny.

7. Paragraph 97: Lack sufficient information to admit or deny, so therefore deny.

8. Paragraphs 98-101: Deny.

9. Paragraphs 102-103: Admit.

10. Paragraphs 104-108: Deny.

11. Paragraphs 109-114: Admit.

12. Paragraph 115: Deny.

13. Paragraphs 116-117: Admit.

14. Paragraphs 118-119: Deny.

15. Paragraph 120: Lack sufficient information to admit or deny, so therefore deny.

16. Paragraphs 121-126: Admit.

17. Paragraph 127: Deny.

18. Paragraphs 128-130: Admit.

19. Paragraphs 131-135: Deny.

20. Paragraph 136: Admit.

21. Paragraphs 137-140: Deny.

22. Paragraph 141: Lack sufficient information to admit or deny, so therefore deny.

23. Paragraphs 142-145: Deny.

24. Paragraph 146: Admit.

25. Paragraph 147: Deny.

26. Paragraph 148: Admit.

27. Paragraphs 149-152: Deny.

28. Paragraph 153: Admit.

29. Paragraph 154: Deny.

30. Paragraph 155: Admit.

31. Paragraphs 156-159: Lack sufficient information to admit or deny, so therefore deny.

b) Counter Claim - Abuse of Process

1. Plaintiff Gordon Jewish Community Center illegally obtained evidence from an attorney representing the State of Tennessee in a criminal proceeding against Defendant Garland.

2. Some time prior to the conclusion of the State's criminal prosecution of Defendant Garland, evidence was obtained by Plaintiff in direct contravention of *Appman v. Worthington*, 746 S.W.2d 165 (Tenn. S. Ct. 1987) which held that documents in an active criminal case which would not be subject to discovery and inspection under Tenn. R. Crim. P. 16 are not subject to inspection under the Public Records Act.

3. Plaintiff relied in part on said evidence paired with wild speculation to charge a fabricated list of conspiracies in the instant action.

4. Plaintiff was aware at the time of filing the Complaint that Defendant Garland acted alone in the planning of his actions affecting any claimed cause(s) of action on or before January 13, 2025.

c) Prayer for Relief

1. Defendant requests dismissal, costs, and any further relief the Court deems just.

Respectfully Submitted,

*Travis Garland*

Travis K. Garland, Defendant
Laurel County Correctional Center
440 Hammock Road
London, KY 40744
6 January 2026

[Certificate of Service]

I certify that on 7 January 2026 I served this Answer on Plaintiff's counsel by mail.

*TKG*

Travis K. Garland
Laurel County Correctional Center
446 Hammock Road
London, KY 40744

KNOXVILLE TN 377
7 JAN 2026 AM 2 L

RECEIVED
JAN 12 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

This item mailed from
Laurel Co. Detention Center

Clerk, United States District Court
Middle District of Tennessee
719 Church Street
Nashville, TN 37203