IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| Gordon Jewish Community Center, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25−cv−01438 |
| | ) | |
| Goyim Defense League, Paul Miller, Jon Minadeo II d/b/a Goyim Defense League, Travis Garland, Jason Beaver, John Does 1-3, and Jane Does 1-2 | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT GARLAND'S COUNTERCLAIM**

Plaintiff, Gordon Jewish Community Center (the "GJCC" or "Counter-Defendant"), moves to dismiss Defendant Travis Garland's Counterclaim (Dkt. No. No. 16, at 4-5) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and respectfully shows:

**I. BACKGROUND AND SUMMARY OF ARGUMENT**

On December 10, 2025, the GJCC initiated this action, suing a neo-Nazi hate group and individual defendants, including Defendant Garland ("Garland" or "Counter-Plaintiff"). On December 19, 2025 Garland was properly served. He filed an Answer which included a Counterclaim against the GJCC on January 12, 2026 in which he asserted a single cause of action: Abuse of Process. (Dkt. No. 16, at 4). Garland's Counterclaim appears to rely on two allegations: that the GJCC (1) "illegally obtained evidence" from a state attorney; and (2) "relied in part on said evidence paired with wild speculation to charge a fabricated list of conspiracies." *Id*.

As set forth in more detail below, Garland's Counterclaim relies on these speculative and incomplete allegations and fails to identify, let alone support, the material elements of the Abuse of Process claim. Even with a reading of his counterclaim in the most favorable light with the most

liberal construction possible, Garland still falls short of stating any claim for relief. There are at least four deficiencies in the claim, as Counter-Plaintiff failed to: (1) allege and identify a "process" that was abused; (2) allege and identify an ulterior motive for Plaintiff's actions; (3) identify the facts underlying the claim; and (4) allege injury or causation.

Neither the Counter-Defendant nor the Court is required to guess at these foundational elements or invent allegations that could support the claim. Even if the court imagined for Counter-Plaintiff the evidence he obscurely references, conceived of a law that could have been broken by GJCC, and invented an ulterior motive to assign them, the claim is still not viable because there is no allegation that GJCC engaged the judiciary in obtaining information underlying its claims. Moreover, Garland does not allege or reference any judicial proceeding, nor can such activity be inferred or envisaged. Accordingly, Garland's Counterclaim must be dismissed.

## II.  LEGAL STANDARD

A motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "test[s] whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts evaluate such motions by taking all factual allegations in the plaintiff's complaint as true, *Jane Doe v. Currey Ingram Academy*, 721 F.Supp.3d 682, 684 (M.D. Tenn. Mar. 5, 2024) (citing *Ashcroft*, 556 U.S. at 678), and looking past "mere conclusory statements and legal conclusions." *Fisher v. Dodson*, 451 F. App'x 500, 501 (6th Cir. 2011). A district court must dismiss a claim that fails to plead adequate factual allegations. *Id*.

Generally, courts afford *pro se* plaintiffs a liberal construction of their pleadings and apply less stringent standards than those drafted by lawyers. *Petty v. Tenn. Dept. of Children's Servs.*, No. 3:19-cv-01085, 2021 WL 396689, at *3 (M.D. Tenn. Feb. 3, 2021). This liberal construction, however, is limited and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Id*. (quoting *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001)); *see Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (A court "cannot invent factual allegations that [the pro se plaintiff] has not pled."); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("The federal courts will not invent legal arguments for litigants").

### III. LAW AND ARGUMENT

In Tennessee, the common law tort of Abuse of Process has two essential elements: "(1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge." *Bell ex. rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg*, 986 S.W.2d 550, 555 (Tenn. 1999) (quoting *Priest v. Union Agency*, 125 S.W.2d 142, 143 (Tenn. 1939)). Abuse of Process, like all torts, requires allegations of injury and causation. *See, e.g.*, *Hicks v. Metro. Gov't of Nashville & Davidson Cty.*, No. 86-49-II, 1986 WL 10885, at *3 (Tenn. Ct. App. Oct. 3, 1986) ("As with all torts, the plaintiff must show that the defendant's actions were the proximate cause of the injury suffered").

### A. Counter-Plaintiff failed to sufficiently allege facts plausible on their face to establish a claim.

Counter-Plaintiff's claim relies on four paragraphs that make the following claims: (1) GJCC (somehow) "illegally obtained evidence from an attorney"; (2) During the pendency of the prosecution of Garland, evidence which would not have been subject to the discovery rules was (somehow) obtained (presumably by GJCC); (3) GJCC "relied in part on said evidence" in its complaint with respect to its conspiracy claims; and (4) GJCC knew Garland had acted alone in

3

planning his actions that underlie the initiating litigation. (Dkt. No. 16 at 4). Taken in the light most favorable to Counter-Plaintiff, these allegations lack sufficient facts to state a plausible claim for relief and do not give rise to an abuse of process claim.

### 1. Counter-Plaintiff failed to allege any "process" was abused that relied on a court.

Defendant failed to allege any "process" that was abused. Tennessee law defines the "process" underlying the tort invoked here to require a court proceeding or action. *See, e.g., Blalock v. Preston Law Grp.*, P.C., No. M2011-00351-COA-R3-CV, 2012 WL 4503187, at *4 (Tenn. Ct. App. Sept. 28, 2012) ("Process has been defined broadly as 'any means used by court to acquire or exercise its jurisdiction over a person or over specific property.'") (quoting Black's Law Dictionary (5th Ed. 1979)). "[A] claim for abuse of process normally rests on some writ, order, or command of the court in the course of a judicial proceeding. … The gist of the tort of abuse of process is the misuse of the court's power." *Id.* (quotations and citations omitted); *accord Amodio v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00811, 2018 WL 6727106, at *5 (M.D. Tenn. Dec. 21, 2018) (explaining that the tort of Abuse of Process "only deals with perversions of the tools of litigation" and is generally disfavored "[b]ecause of its potential chilling effect on the right of access to the courts").

Garland's Counterclaim fails at the outset by failing to allege a court's involvement, let alone a "writ, order, or command of the court" issued "in the course of a judicial proceeding." To the contrary, he alleges that GJCC "obtained [the] evidence from an attorney." That is antithetical to obtaining the evidence via process from a court. Thus, Garland's Counterclaim fails and the Court's analysis can end there.

*Appman v. Worthington*, 746 S.W.2d 165, 167 (Tenn. 1987), invoked by Counter-Plaintiff is inapposite. A criminal appellate matter, *Appman* turned on Tennessee's Open Records Act,

4

codified at Tenn. Code Ann. § 10–7–503 *et. seq.* ("the Open Records Act"). *Id.* There, the court held that investigative files requested by defendants' counsel fell under an exception to the general rule that "all state, county, and municipal records" are subject to inspection because the Open Records Act incorporates the Rules of Criminal Procedure which "does not allow" discovery of documents "made by ... state agents or law enforcement officers in connection with the investigation or prosecution of the case" when the "files are open and are relevant to pending or contemplated criminal action." 746 S.W.2d at 166-67. The case is inapplicable.

First, Garland does not even allege that Counter-Defendant invoked the Open Records Act to gain information upon which it based its claims; instead, Garland cites *Appman*, a case concerning the Open Records Act. Second, even assuming Garland alleges that Counter-Defendant relied on the Open Records Act to access information to be used in support of its claims, Garland still fails to show how an information request to "an attorney" pursuant to the Open Records Act is the sort of "process" upon which an Abuse of Process claim can rely. Third, the court in *Appman* did not hold or suggest that defense counsel's request for information was illegal. Nor does *Appman* support an inference that an attorney who shares information that it was not required to release engages in illegality. And neither *Appman*, nor any identified authority, turns the receipt of information received via a response to a request for records under the Act into an unlawful act even if the records are relied on in a civil claim.

Accordingly, Garland's claim fails on multiple fronts under an Open-Records-Act-as-process theory gleaned from his invocation of *Appman*. In sum, no court is involved in requesting information via the Act; no illegality is alleged or supported; and any alleged illegality – if it existed – would attach to the releasor of the information, not on the requestor/receiver.

Importantly, use of a legal process for a legal purpose and in alignment with the process's purpose cannot sustain an Abuse of Process claim. *See*, *e.g.*, *Bell ex rel. Snyder v.*, 986 S.W.2d at 555 ("'the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish.'") (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 121, at 897 (5th ed.1984)). The Tennessee Supreme Court explained that:

> An action for abuse of process cannot be sustained where the process was employed to perform no other function than that intended by law. The bad intent must culminate in an actual abuse of the process by perverting it to a use to obtain a result which the process was not intended by law to effect. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself.

*Id*. (cleaned up).

Here, even if Garland had alleged that Counter-Defendant used the Open Records Act to gain information and, contrary to all authority, doing so was a "process" that could support his claim, Counter-Defendant would have used the "process" of the Open Records Act's exactly as it was intended – to access records held by the State. Again, his claim hits a legal dead-end.

Finally, to the extent Garland relies on the initiation of the underlying litigation as the allegedly abused process, the initiation of a lawsuit – even a groundless one – cannot form the basis of an abuse of process claim. *See*, *e.g.*, *Afshari v. Montana Black Gold*, No. 20-5362, 2020 WL 9217980, at *4 (6th Cir. Dec. 17, 2020) (explaining that "[e]ven filing a groundless suit does not constitute an abuse of process" in analyzing a Kentucky claim); *Blalock v. Preston L. Grp., P.C.*, No. M2011-00351-COA-R3CV, 2012 WL 4503187, at *4 (Tenn. Ct. App. Sept. 28, 2012) ("Mere initiation of a lawsuit, even if accompanied by a malicious ulterior motive, is not an abuse of process.") (citing *Bell ex rel Snyder, supra*).

For an abuse of process claim based on the initiation of the instant action to apply at all here, it could only do so if the lawsuit were used for a purely independent and unsanctioned reason. As a federal court explained, "the abuse of process tort, at its most fundamental level, is intended to prevent parties from using litigation to pursue objectives *other than those claimed in the suit*, such as using a court's process as a weapon to compel (another party) to pay a different debt or to take some action or refrain from it." *Barry Fiala, Inc. v. Arthur Blank & Co.*, No. 2:02CV2282, 2003 WL 22309442, at *5 (W.D. Tenn. Feb. 19, 2003) (cleaned up) (emphasis added). Clearly, no such allegation is alleged, nor could be alleged, where Counter-Plaintiff initiated a lawsuit to hold parties accountable for the harm those parties created.

### 2. Counter-Plaintiff also failed to allege any ulterior motive.

Counter-Plaintiff also failed to allege the second essential element – an ulterior motive – and one is not discernable under even a liberal reading of his Counterclaim. At most, he alleges "Plaintiff was aware at the time of filing the Complaint that Defendant acted alone" and therefore, apparently, the "list of conspiracies" alleged are without basis. (Dkt. No 16 at 4). But this charge is merely a restatement of his defense to the factual allegations underlying the conspiracy claims and an attack on the claims' merits, not an abuse of process. *Partrich v. Farber*, 448 F. App'x 526, 530 (6th Cir. 2011) ("The filing of a groundless or baseless claim, however, does not rise to the level of abuse of process.") (citations omitted); *Afshari*, 2020 WL 9217980, at *4 (same).

Finally, Garland *admits* he planned and engaged in the actions underlying two of GJCC's five claims. (Dkt. No. 16 at 4 and Dkt. No. 1, at 39-43). Accordingly, *even if* GJCC's conspiracy claims were not based on sufficient facts, which Plaintiff does not concede, as set out above, that alone does not form the basis of an Abuse of Process claim here. The addition of these claims does not establish an ulterior motive where additional claims, even if not ultimately proven, simply do not, and cannot, be used to show an "ulterior motive."

### 3. Counter-Plaintiff failed to identify and allege sufficient facts underlying his abuse of process claim.

Where "Plaintiff fails to allege any specific facts to identify an actionable claim [, ] Plaintiff's complaint fails to state a claim for relief." *Bumpas v. CCA-MDCDF*, No. 3:08MC00052, 2008 WL 4346384, at *2 (M.D. Tenn. Sept. 19, 2008). *See also Reguli v. Hetzel*, No. 3:24-CV-00541, 2024 WL 4713878, at *19 (M.D. Tenn. Nov. 7, 2024) ("The Complaint fails to point to any improper act by [defendants] that took place after the issuance of process that would qualify as abuse of the judicial process."). Here, not only does Garland fail to establish the essential elements of his claims, he fails to identify sufficient facts upon which the elements *would* have relied. That is, even if Garland had sufficiently identified and alleged a judicial "process" that was used, let alone abused, and an ulterior motive, the essential factual predicate underlying his claim is a mystery. For example, he claims GJCC "illegally obtained evidence from an attorney representing the State of Tennessee in a criminal proceeding against Defendant Garland." (Dkt. No. 16 at 4). But, he fails to identify *what* evidence was allegedly obtained, *how* it was obtained "illegally," or *who* provided it. And, just as he fails to allege what process was used, he fails to allege *when* that unknown process was allegedly abused.

Setting aside that the allegation of criminality has no basis in fact or law, Counter-Defendant is at a loss to imagine what evidence Garland references, which attorney allegedly conspired with them to engage in illegality, and what illegality was engaged in. Such baseless and amorphous allegations are insufficient to establish a plausible claim. And the failure to provide sufficient facts is inherently unfair where there is no way for the Court to determine whether his claims were timely or barred by the statute of limitations even if they relate back to the filing of the underlying claim.

Because a claim for abuse of process "generally rests on some writ, order, or command of the court in the course of a judicial proceeding and refers to times when the authority of the court is used for some improper purpose," the time for bringing a claim is one-year from the alleged use of the judicial proceeding on which the claim is based. *Blalock*, 2012 WL 4503187, at *7. Here, presumably, Counter-Plaintiff relies on the initiation of an Open Records Act request as the "abuse" of judicial process which, as set out above, fails as a matter of law. But even if it did not, the insufficiency of the claim is evident where neither the Court nor the Counter-Defendant can ascertain when Garland's claim arose, nor when his ability to bring suit expires.

**B. Counter-Plaintiff also failed to allege harm resulting from any actions taken by Counter-Defendant**

"It is axiomatic that in order for [a plaintiff] to recover damages against [a defendant], he must show that [the defendant's] actions were the proximate cause of the injury." *Gunn v. City of Humboldt*, No. W2022-00029-COA-R3-CV, 2022 WL 5076687, at *2 (Tenn. Ct. App. Oct. 5, 2022). *See also Hicks v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 86-49-II, 1986 WL 10885, at *3 (Tenn. Ct. App. Oct. 3, 1986) ("As with all torts, the plaintiff must show that the defendant's actions were the proximate cause of the injury suffered."); 1A C.J.S. Actions § 60 ("As a general rule, to constitute a valid cause of action there must be both an injury and damage."); *Swanson v. Wilson*, 423 F. App'x 587, 595 (6th Cir. 2011) (noting, in the context of determining accrual of a right of action, that "wrongful conduct, without injury, does not give rise to an action") (cleaned up). Although a plaintiff is not required to prove an injury to survive a motion to dismiss, a plaintiff must at least *allege* injury in the complaint. *Byrd v. State*, 150 S.W.3d 414, 421 (Tenn. Ct. App. 2004). In his pleading, Counter-Plaintiff fails to identify or allege any injury caused by Counter-Defendant's actions. The Counterclaim should be dismissed on that basis as well.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Counter-Defendant's motion to dismiss Garland's Counterclaim.

Respectfully submitted,

/s/ Elizabeth Littrell_____.

RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
(615) 256-6666
(615) 254-4254- fax

SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Fax: (404) 377-0708

Scott D. McCoy
Admitted pro hac vice
Florida Bar No. 1004965

Elizabeth Littrell
Admitted pro hac vice
Georgia Bar No. 454949

Arusha Gordon
Admitted pro hac vice
D.C. Bar No. 1035129

Huey Fischer García
Admitted pro hac vice
Louisiana Bar No. 39571

JOSEPH GREENWALD & LAAKE, PA
6404 Ivy Ln., Ste. 400
Greenbelt, Maryland 20770

Erika Jacobsen White
Admitted pro hac vice
Maryland Bar No. 21815

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that this January 23, 2026, she has delivered Plaintiff's Motion to Dismiss Defendant Garland's Counterclaim via ECF to attorney Olin Baker, counsel for Defendant Jason Beaver and attorney Drew Justice, counsel for Goyim Defense League and Jon Minadeo; and by the United States Postal Service regular mail to the unrepresented parties at the following last known addresses:

**Travis K. Garland**
Laurel County Correctional Center
440 Hammock Road
London, Kentucky 40744

**Paul Miller**
179 Easton Avenue Apt 1
New Brunswick, NJ 08901
*and*
978 Livingston Avenue
North Brunswick, NJ 08902

                                                  Respectfully submitted,
                                                  /s/ Elizabeth Littrell
                                                  Counsel for Plaintiff.