# UNITED STATES DISTRICT COURT
## for the
## Middle District of Tennessee

| | |
|---|---|
| Gordon Jewish Community Center,<br>  Plaintiff(s).<br><br>vs.<br><br>Goyim Defense League, Paul Miller,<br>Jon Minadeo II, Travis Garland,<br>Jason Beaver, John Does 1-3, and<br>Jane Does 1-2<br>  Defendant(s) | )<br>)<br>)<br>)  Civil Action NO. 3:25-CV-01438<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## ANSWER

---

Comes now defendant, PAUL MILLER, by and through counsel, Olin J. Baker, Baker Law Group, PLLC., and submits this answer on behalf of Paul Miller.

1. Admitted.

2. Defendant Miller is without personal knowledge of the inner workings of Gordon Jewish Community Center (GJCC) thus cannot form a specific answer but assume the averment to be true for the purposes of this answer.

3. Defendant Miller is without personal knowledge of history of the Gordon Jewish Community Center (GJCC) thus cannot form a specific answer but assume the averment to be true for the purposes of this answer.

4. Defendant Miller is without personal knowledge of the stated acts against non-parties to this action or unrelated acts occurring in 1981 thus cannot form a specific answer but assume the averment to be true for the purposes of this answer.

5. Denied.

6. Denied.

7.     Denied.

8.     Admitted.

9.     Denied as this averment assumes the knowledge and intent of Defendant Miller. Further, Denied that any action by Defendant Paul Miller subjected the Plaintiff to harm or creates liability for himself or damages to the Plaintiff(s).

10.     Admitted.

11.     Defendant Miller is without personal knowledge of the inner workings of Gordon Jewish Community Center (GJCC) thus cannot form a specific answer but assume the averment to be true for the purposes of this answer.

12.     Defendant Miller is without personal knowledge of the inner workings of Gordon Jewish Community Center (GJCC) thus cannot form a specific answer but assume the averment to be true for the purposes of this answer.

13.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

14.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

15.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

16.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. As far as an answer is deemed required, a general denial is entered.

17.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. As far as an answer is deemed required, a general denial is entered.

18.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

19. Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. As far as an answer is deemed required, a general denial is entered.

20. Denied as written.

21. Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. As far as an answer is deemed required, a general denial is entered.

22. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the statement of this unidentified person. In so far as an answer is required, a general denial is entered.

23. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

24. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and has limited personal knowledge of the parties referenced in the averment as indicted and convicted. Two parties have been indicted and one convicted by a jury trial and one struck a plea bargain to my knowledge. In so far as an answer is required, a general denial is entered.

25. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the arrests, charges and convictions of unnamed parties as stated in this general averment. In so far as an answer is required, a general denial is entered.

26. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

27. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the activities specified in this averment.  In so far as an answer is required, a general denial is entered.

28. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the activities specified in this averment. In so far as an answer is required, a general denial is entered.

29.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

30.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

31.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the pay scheme of said organization. In so far as an answer is required, a general denial is entered.

32.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the acts of unnamed parties purported to be followers of Defendant Minadeo. In so far as an answer is required, a general denial is entered.

33.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the pay scheme or assets of said organization. In so far as an answer is required, a general denial is entered.

34.     Denied.

35.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL or the personal details of Defendant Minadeo. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

36.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the actions of Defendant Minadeo. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

37.     Denied.

38.     Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the purported statements of Defendant Minadeo. In so far as an answer is required, a general denial is entered.

39.     Defendant Paul Miller admits he is domiciled in New Jersey. Defendant Miller denies that he is a neo-Nazi provocateur.

40.     Defendant Paul Miller denies the averment as written.

41.     Defendant Paul Miller denies the averment as written.

42.     Defendant Paul Miller uses the names "Gypsy Crusader", "Punisher", "Homelander", and "Joker" as characters for his show.

43.     Defendant Paul Miller is not a member of the GDL, but has exercised his First Amendment right to freedom of speech using social media platforms, to which he does have followers. As for any conduct that would create liability for Miller, a general denial is entered.

44.     Defendant Paul Miller denies that any form of payment is involved.

45.     Defendant Paul Miller denies any involvement or knowledge of Defendant Garland's plans or actions against the GJCC in Tennessee.

46.     Defendant Paul Miller had no knowledge of the actions and/or plans of Defendant Garland. In so far as an answer is required, a general denial is entered.

47.     Defendant Paul Miller is without sufficient knowledge as to the details of the relationship between GDL and Defendant Garland. Defendant Garland is believed to be a resident of the State of Tennessee. In so far as any other answer is required, a general denial is entered.

48.     Denied as written. The use of the word infiltrate is not accurate description of what occurred. Defendant Garland is on probation from Davidson County Circuit Court.

49.     Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

50.     Denied.

51.     Denied.

52.     Admitted.

53.     Denied.

54.     Denied as written.

55.     Defendant Paul Miller is without specific knowledge as to John Doe #1. In so far as an answer is required, a general denial is entered.

56.     Defendant Paul Miller is without specific knowledge as to John Doe #1. In so far as an answer is required, a general denial is entered.

57.     Defendant Paul Miller is without specific knowledge as to John Doe #1. In so far as an answer is required, a general denial is entered.

58.     Defendant Paul Miller is without specific knowledge as to John Doe #1. In so far as an answer is required, a general denial is entered.

59. Defendant Paul Miller is without specific knowledge as to John Doe #1. In so far as an answer is required, a general denial is entered.

60. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

61. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

<u>Factual Allegations</u>

A. Denied.

62. Denied as written.

63. Defendant Paul Miller is without specific knowledge as to the averred actions coordinated between Defendants Minadeo and Garland, if any. In so far as an answer is deemed required, a general denial is entered.

64. Denied as written.

65. Denied as written.

66. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of the goals or missions of said organization. In so far as an answer is required, a general denial is entered.

67. Denied as written.

68. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of averred marketing intent or fundraising. In so far as an answer is required, a general denial is entered.

69. Denied as written.

70. Denied.

71. Denied.

72. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

73. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

74. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

75. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

75. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

76. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

77. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

78. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

79. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 13, 2024. In so far as an answer is required, a general denial is entered.

80. Denied as written.

81. Denied as written.

82. Defendant Paul Miller is not a member of GDL and is without personal knowledge of the full operation of GDL. Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

83. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

84. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

85. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

86. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

87. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

88. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as  Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

89. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as  Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

90. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

91. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

92. Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

93. This averment is a conclusion and as such a general denial is entered.

94.	Defendant Miller can only answer to the online content of GDL that he observed. In so far as an answer is deemed required, this information is thought to be correct.

95.	Defendant Paul Miller is not a member of Goyim Defense League (GDL) and is without personal knowledge of said events as Defendant Miller was not present in Nashville on July 14, 2024. In so far as an answer is required, a general denial is entered.

96.	Defendant Miller is without a basis of knowledge to formulate an answer as he was not present for the GDL July Nashville "Tour". In so far as an answer is required a general denial is entered.

97.	Defendant Miller is without a basis of knowledge to formulate an answer as he was not present for the GDL July Nashville "Tour". In so far as an answer is required a general denial is entered.

98.	Denied.

99.	Denied.

100.	Denied.

101.	Denied.

102.	Denied as written.

103.	Denied as written.

104.	Denied as written.

105.	Denied.

106.	Defendant Miller is without a firsthand basis of knowledge to formulate an answer. In so far as an answer is required a general denial is entered.

107.	Denied.

108.	Admitted that Defendant Garland entered onto the premises of the GJCC. Otherwise Denied.

109.	Denied as written.

110.	Denied.

111.	Denied as written.

112.	Denied as written.

113.	Admitted.

114.	Denied.

115.	Denied as written.

116.     Denied as written.

117.     Denied as written.

118.     Denied as written.

119.     Denied as written.

120.     Denied as written.

121.     Defendant Paul Miller is without personal knowledge of the acts of the security guard. In so far as an answer is deemed required, this information is thought to be correct.

122.     Admitted.

123.     Admitted, assuming the pronoun "he" refers to Defendant Garland.

124.     Defendant Paul Miller does not have personal knowledge of said post. In so far as an answer is required, this averment is thought to be correct.

125.     Defendant Paul Miller does not have personal knowledge of said post. In so far as an answer is required, this averment is thought to be correct.

126.     Defendant Paul Miller does not have personal knowledge of said post. In so far as an answer is deemed required, this information is thought to be correct.

127.     Defendant Paul Miller was not a part of planning or making "Garland's Trespass". As far as an answer is deemed required, a general denial is entered as to Defendant Beaver.

128.     Denied.

129.     Defendant Paul Miller is without personal knowledge of said arrest and related bail terms. In so far as an answer is required, this averment is thought to be correct.

130.     Defendant Paul Miller is without personal knowledge of said plea and specifics. In so far as an answer is required, this averment is thought to be correct.

131.     Defendant Paul Miller cannot speak to the motives of Defendant Garland. As far as an answer is deemed required, a general denial is entered.

132.     Defendant Paul Miller is without personal knowledge of the acts of "Doe 1". In as far as an answer is deemed required, a general denial is entered.

133.     Admitted that Defendant had read electronic media of Defendants "comedic stunt" at the GJCC. Denied as to Defendant being part of any plan or conspiracy.

134.     Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible or part of a conspiracy. As far as an answer is deemed required, a general denial is entered.

135. Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible. As far as an answer is deemed required, a general denial is entered.

136. Denied.

137. Denied as written.

138. Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible. Many online or live stream attempts at comedy and or pranks have an element danger as the reaction of other parties cannot be predicted. This reference may refer to the armed security guard committing aggravated assault against an unarmed Garland. As far as an answer is deemed required, a general denial is entered.

139. Denied as written.

140. Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible. As far as an answer is deemed required, a general denial is entered.

141. Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible. As far as an answer is deemed required, a general denial is entered.

142. Defendant Paul Miller was not a part of planning or making "Garland's Trespass" possible. As far as an answer is deemed required, a general denial is entered.

143. Defendant Paulk Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

144. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

145. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

146. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

147. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

148. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

149. Defendant Paul Miller is without sufficient knowledge to the act(s), purpose(s) and intentions averred and attributed to Defendants GDL, Minadeo and Does. In so far as an answer is required, a general denial is entered.

150. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

151. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

152. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

153. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

154. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

155. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

156. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

157. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

158. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

159. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

160. This averment requires no specific response as they have been addressed in each specific averment.

161. Admitted.

162. Denied.

163. Defendant Paul Miller is without personal knowledge of such actions. In so far as an answer is deemed necessary, a general denial is entered.

164. Defendant Paul Miller is without personal knowledge of such actions. In so far as an answer is deemed necessary, a general denial is entered.

165. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

171. Denied.

172. This averment requires no specific response as they have been addressed in each specific averment.

173. This averment requires no specific answer as it is a statement of law. In as far as an answer is deemed required, a general denial is entered.

174. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

175. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

176. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

177. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

178. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

179. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

180. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

181.    Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

182.    Denied.

183.    This averment requires no specific response as they have been addressed in each specific averment.

184.    This averment requires no specific answer as it is a statement of law. In as far as an answer is deemed required, a general denial is entered.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    This averment requires no specific response as they have been addressed in each specific averment.

190.    Denied.

191.    This is a conclusion of law and as such requires no specific answer, in as far as one is deemed required, a general denial is entered.

192.    Denied.

193.    This is a conclusion of law and as such requires no specific answer, in as far as one is deemed required, a general denial is entered.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

198.    Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

199.    Denied.

200.    Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

201.    This averment requires no specific response as they have been addressed in each specific averment.

202. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

203. Denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

209. Defendant Paul Miller is without knowledge of the actions referenced in this averment. As far as an answer is deemed necessary, a general denial is entered.

210. This averment is a conclusion of law and as such requires no specific answer. In as far as as answer is deemed required, a general denial is entered.

211. Denied.

212. Denied.

213. This averment requires no specific response.

214. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

215. Denied that any action by Defendant Jason Beaver creates liability for himself or damages to the Plaintiff(s).

216. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

217. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

218. Denied that any action by Defendant Paul Miller creates liability for himself or damages to the Plaintiff(s).

Now after fully answering the complaint, Defendant Paul Miller DENIES the Plaintiff is entitled to relief based on any acts or omissions on his part and request he be dismissed from the action with an award of the cost, attorney fees, and any other relief in which he may be entitled to.

Respectfully Submitted,

/s/  Olin J. Baker
Olin J. Baker, No. 026184
Baker Law Group, PLLC
Attorney for Petitioner
9 Court Square
P.O. Box 250
Charlotte, Tennessee 37036
615-789-3164

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was mailed First Class Mail postage prepaid, to the following parties listed below:


**Raybin & Weissman, P.C.**
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Phone: 615-256-6666
Fax: 615-254-4254

**Southern Poverty Law Center**
400 Washington Avenue
Montgomery, Alabama 36104
404-377-0708

Scott D. McCoy
*pro hac vice pending*
Florida Bar No 1004965

Elizabeth Litterell
*pro hac vice pending*
Georgia Bar No. 454949

Arusha Gordon
*pro hac vice pending*
D.C. Bar No. 1035129

Huey Fischer Garcia
*pro hac vice pending*
Louisiana Bar No. 39571

**Joseph Greenwald & Laake, PA**
6404 Ivy Ln., Ste. 400
Greenbelt, Maryland 20770

Erika Jacobsen White
*pro vac vice pending*
Maryland Bar No. 21815

/s/ Olin J. Baker
Olin J. Baker