**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GORDON JEWISH COMMUNITY CENTER,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:25-cv-01438** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| **GOYIM DEFENSE LEAGUE, PAUL MILLER, JON MINADEO II, TRAVIS GARLAND, JASON BEAVER, JOHN DOES 1-3, and JANE DOES 1-2,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

Plaintiff Gordon Jewish Community Center ("GJCC") is a registered Tennessee nonprofit corporation that operates a community center on its privately-owned campus in Nashville, Tennessee. (Compl., Doc. No. 1 ¶ 1, 11–12.) The GJCC alleges that, in 2025, it and its members were the victims of two separate antisemitic attacks by alleged white supremacists. (*Id.* ¶¶ 98–130.) The GJCC has since filed a Complaint asserting various federal civil rights and state law claims against multiple defendants, including the Goyim Defense League ("GDL") and Jon Minadeo II. (*See generally id.*)

GDL and Minadeo filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and (6). (Doc. No. 17.) The Motion opens with and devotes most of its argument to explaining why the four claims asserted against GDL and Minadeo lack merit and should be dismissed under Rule 12(b)(6). For the following reasons, the court will order the parties to submit supplemental briefing to address the limited issue of whether the defendants have constructively forfeited their personal jurisdiction defense by asserting an unconditional merits-based defense.

In the Sixth Circuit, "[t]he requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (citing *Days Inn Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)). "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Gerber* 649 F.3d at 519 (citing *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

Confronted with materially identical circumstances, Judge Richardson of this court found in *Brunson* that the defendant's decision to move to dismiss a complaint "on the bases of both lack of personal jurisdiction and failure to state a claim" implicated "the merits" of the action and resulted in a forfeiture of the right to assert the personal jurisdiction defense. *Brunson v. Capitol CMG, Inc.*, No. 3:20-cv-01056, 2021 WL 3081327, at *1 (M.D. Tenn. July 21, 2021). There, Judge Richardson recognized that "[t]he gist of a personal-jurisdiction challenge is that although a court *somewhere* may have the power, consistent with applicable state law and the U.S. Constitution, to adjudicate the plaintiff's claim(s) against the defendant, the court in which the plaintiff filed … is not such a court." *Id*. at *2. By making an "unconditional" merits-based defense that was not framed in the alternative, the defendant had "affirmatively invoked the jurisdiction of this Court" and thus "voluntarily submitted" to its jurisdiction, forfeiting any personal jurisdiction defense. *Id*.; *see also Corl v. Kenan Advantage Grp. Inc.*, No. 3:20-cv-00503, 2022 WL 2232195, at *4 (M.D. Tenn. June 21, 2022) (Richardson, J.) (similar; finding that defendant forfeited the right to assert a personal jurisdiction defense when the defendant also sought summary judgment).

Further briefing is warranted here. The supplemental briefing shall address the limited issue of whether GDL and Minadeo have constructively forfeited a personal-jurisdiction defense in light of the circumstances and authority described above. The briefs shall not exceed eight double-spaced pages and should not restate the facts or procedural history of the case, provide standards of review, or summarize this Order. The supplemental briefing shall be filed no later than **Tuesday, September 22, 2026**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge